J-S23037-18, J-S23038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: A.B., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.B., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1646 EDA 2017 |

Appeal from the Dispositional Order April 26, 2017
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-JV-0001475-2016

| | | |
|---|---|---|
| IN RE: A.B., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.B., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1650 EDA 2017 |

Appeal from the Dispositional Order April 26, 2017
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-JV-0001476-2016

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 15, 2018**

In these consolidated appeals,[1] Appellant A.B., a minor, (hereinafter

"A.B.") appeals from the dispositional orders entered in the Court of Common

_____

[1] Two appeals were filed in these matters on May 24, 2017, from the
Dispositional Order entered on April 26, 2017.  One was docketed at 1646
EDA 2017, and a second was docketed at 1650 EDA 2017.  Appellant filed with

_____

*   Former Justice specially assigned to the Superior Court.

Pleas of Philadelphia County Juvenile Division following his adjudication of delinquency of Rape of a Child, Involuntary Deviate Sexual Intercourse (forcible compulsion) (IDSI), Indecent Exposure, and Indecent Assault.[2]  We affirm.

The juvenile court briefly summarized the evidence presented at the adjudication hearing as follows:

> In the matter *sub judice*, S.O.1 and S.O.2, twin sisters eleven years of age,[3] were visiting [A.B.'s] home during a party hosted by [A.B.'s] mother. A.B. asked S.O.1 to help him in the basement, wherein A.B. pushed S.O.1 onto the couch and began kissing her. A.B. later went into the bathroom at the same time as S.O.1, took off his pants, exposed his penis to S.O.1, removed S.O.1's pants and vaginally penetrated S.O.1 with his penis.
> On the same day, S.O.2 was using the bathroom alone when A.B. came in, kissed S.O.2, removed his own pants exposing his

---

this Court a Motion to Consolidate the matters on February 1, 2018.  In a *Per Curiam* Order entered on February 26, 2018, we denied Appellant's motion without prejudice to his right to re-raise the issue in a newly-filed application for relief upon the listing of the appeal before a panel of this Court, and we directed that the appeals at 1646 EDA 2017 and 1650 EDA 2017 be listed consecutively.  Appellant did not refile his motion to consolidate after the matter was listed for submission on briefs before this panel on April 2, 2018; however, a review of these matters indicates that these appeals involve related parties and issues.  In addition, the trial court entered essentially the same Opinion pursuant to Pa.R.A.P. 1925(a) on both dockets, and the parties filed similar appellate briefs in each matter.  Accordingly, the appeals at Nos. 1646 and 1650 EDA 2017 are hereby consolidated.  **See** Pa.R.A.P. 513.

[2] 18 Pa.C.S.A. §§ 3121(c); 3123(a)(1); 3127(a) and 3126(a)(7), respectively. The juvenile court dismissed simple assault charges filed under 18 Pa.C.S.A. § 2701(a) with respect to both victims and dismissed a charge for rape of a child with respect to S.O.2.

[3] The girls' date of birth is September 15, 2004. N.T. Dispositional Hearing, 4/20/17, at 57.  A.B.'s date of birth is September 26, 2000.  **Id**.

penis, and orally penetrated S.O.2 with his penis. A.B. left the bathroom shortly thereafter. A.B. later called S.O.2 into his bedroom and kissed her. S.O.1 testified that she witnessed A.B. kissing S.O.2 in his bedroom.

Juvenile Court Opinion, filed 7/24/17, at 4.

On April 26, 2017, the trial court adjudicated A.B. delinquent of the aforementioned charges and entered a dispositional order for placement in a residential facility. A.B. filed his post-dispositional "Motion for a New Trial" on May 3, 2017, wherein he averred "he challenges the weight of the evidence." *See* Motion for a New Trial, filed May 3, 2017, at 2 (unnumbered). On May 4, 2017, the juvenile court entered an order denying A.B.'s motion.

A.B. filed timely notices of appeal on May 24, 2017. On May 31, 2017, the juvenile court ordered A.B. to file statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). A.B. filed the same on June 15, 2017, wherein he raised the following claims in both matters:

    1.    Counsel intends to raise a claim that the verdicts were against the weight of the evidence.

    2.    Counsel intends to raise a claim that the verdicts were against the sufficiency of the evidence.

In his appellate briefs, A.B. presents the following Statement of Questions Presented:

    1.    Whether the [juvenile] court verdict was against the sufficiency of the evidence?

    2.    Whether the [juvenile] court verdict was against the weight of the evidence?

A.B.'s Briefs at 4. When considering a challenge to the sufficiency of the evidence, this Court employs a well-settled standard of review:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
>
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with [the juvenile's] innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re A.V.*, 48 A.3d 1251, 1252–53 (Pa. Super. 2012) (citation omitted).

Before we address A.B.'s challenges to the sufficiency of the evidence on the merits, we must first determine if he properly has preserved them for appellate review. It is axiomatic that in order to preserve a challenge to the sufficiency of the evidence for appeal, an appellant's Rule 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient or the claim may be waived. *Commonwealth v. Williams*, 959 A.2d 1252, 1257–58 (Pa.Super. 2008). "Such specificity is of particular

importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Commonwealth v. Richard***, 150 A.3d 504, 518 (Pa.Super. 2016) (citing ***Commonwealth v. Stiles***, 143 A.3d 968, 982 (Pa.Super. 2016); ***See also Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa.Super. 2013) (finding waiver where appellant's concise statement provided only a generic statement stating "[t]he evidence was legally insufficient to support the convictions."). Although the juvenile court did address the merits of A.B.'s sufficiency of the evidence challenge in its Rule 1925(a) Opinion, we have held that this is "of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa.Super. 2009), appeal denied, 607 Pa. 690, 3 A.3d 670 (2010) (citation omitted).

Instantly, A.B. was adjudicated delinquent of four offenses against S.O.1. (rape of a child, IDSI, indecent assault of a person less than thirteen years of age, and indecent exposure) and three offenses against S.O.2. (IDSI, indecent assault of a person less than thirteen years of age, and indecent exposure). Each crime contains numerous elements that the Commonwealth must prove beyond a reasonable doubt, yet A.B.'s concise statement in both dockets presents only a boilerplate challenge to the sufficiency of the evidence

without specifying which conviction he is challenging or explaining how the evidence was insufficient to prove any element of any crime. Accordingly, we find his sufficiency of the evidence claims waived.[4]

In assessing A.B.'s weight of the evidence claims, we apply are mindful that:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> **Champney**, 832 A.2d at 408 (citations omitted). This Court applies the same standard for reviewing weight claims in juvenile cases. **McElrath v. Commonwealth**, 405 Pa.Super. 431, 592 A.2d 740, 745 (1991). In considering weight of the evidence claims, it is not the function of an appellate court to substitute its judgment based on a cold record for that of the judge who conducted the juvenile adjudication hearing. **Id.** Credibility is for the trier of fact, who is free to believe all, part or none of the evidence presented. **Id.** A challenge to the weight of the evidence

_____

[4] Additionally, Appellant does not develop his sufficiency of the evidence argument in his appellate briefs. Specifically, he fails to state therein which of the convictions he is challenging, to set forth the elements of the crimes of which he was convicted, and to argue which specific elements of any crime were not met. Additionally, although Appellant does set forth the general standard of review for sufficiency of the evidence claims, his argument otherwise lacks citation to any legal authority. As a result, we would find this claim waived on this basis as well. **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa.Super. 2009).

concedes that sufficient evidence exists to sustain the verdict, but questions which evidence is to be believed. ***Commonwealth v. Charlton***, 902 A.2d 554, 561 (Pa.Super.2006), *appeal denied,* 590 Pa. 655, 911 A.2d 933 (2006). An appellate court reviews the trial court's exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. ***Commonwealth v. Gibson***, 553 Pa. 648, 720 A.2d 473, 480 (1998).

In juvenile proceedings, appellants must preserve issues on appeal by raising them in the trial court; otherwise, they are waived.

***In re R.N.***, 951 A.2d 363, 370–71 (Pa.Super. 2008).

Pa.R.J.C.P. 620(A)(2), states that "[i]ssues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues." However, in ***In re J.B.***, 630 Pa. 124, 155, 106 A.3d 76, 95 (2014) our Supreme Court found that in order for a weight of the evidence claim to be preserved for appellate review, the claim must be presented in some manner to the juvenile court for adjudication in the first instance. Specifically, the juvenile must raise the weight claim at an adjudicatory hearing, a dispositional hearing, or in a post-dispositional motion under Rule 620. Here, A.B. challenged the weight of the evidence to support his convictions in a timely motion for a new trial filed at both dockets; thus, he properly raised this weight of the evidence challenge before the juvenile court, and the court denied the same.

Notwithstanding, Appellant's assertions in his Rule 1925(b) statements regarding the weight of the evidence presented at trial baldly state that "[c]ounsel intends to raise a claim that the verdicts were against the weight

of the evidence." *See* Final Statement of Matters Complained of on Appeal, 6/15/17, at ¶ 2. As was the case with Appellant's challenges to the sufficiency of the evidence, these challenges to the weight of the evidence lack clarity and sufficient specificity to enable a court to address them meaningfully. As such, these boilerplate allegations are vague and waived for appellate purposes*. See Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006), appeal denied, 591 Pa. 712, 919 A.2d 956 (2007); *See also Commonwealth v. Lemon*, 804 A.2d 34, 37 (Pa.Super. 2002) (allegations in Rule 1925(b) statement that "the verdict of the jury was against the evidence," "the verdict of the jury was against the weight of the evidence," and "the verdict was against the law" too vague to permit adequate appellate review); *Commonwealth v. Seibert*, 799 A.2d 54, 62 (Pa.Super. 2002) (Rule 1925(b) statement contending that "the verdict of the jury was against the weight of the credible evidence as to all of the charges" was too vague to permit appellate review).[5]

_____

[5] Even if A.B. properly had preserved his challenges to the weight of the evidence, in his respective appellate briefs he assails the credibility of the testimony and witnesses presented by the Commonwealth and asks this Court to reweigh the evidence in his favor. This we will not do. Our case law is clear that a trial court, sitting as finder of fact is "in the best position to view the demeanor of the Commonwealth's witnesses and to assess each witness' credibility." *Commonwealth v. Olsen*, 82 A.3d 1041, 1049 (Pa.Super. 2013) (citation omitted). Herein, the juvenile court was free to find the Commonwealth's witnesses' testimony credible and to resolve any inconsistencies in the Commonwealth's favor. *See generally Commonwealth v. Horne*, 89 A.3d 277, 286 (Pa. Super. 2014), appeal

Dispositional Order Affirmed.[6]

Judge Shogan joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/18

_____

denied, 628 Pa. 620, 89 A.3d 277 (2014) (holding that the appellant's weight of the evidence claim could not prevail as "the jury resolved the inconsistencies among the testimonies as it saw fit and reached a verdict"). The juvenile court determined that the verdicts were not against the weight of the evidence, and we discern no abuse of discretion in the court's finding. Accordingly, we would find A.B.'s weight of the evidence claims do not warrant relief.

[6] This Court is not bound by the rationale of the lower court, and we may affirm it on any basis. **Commonwealth v. Williams**, 73 A.3d 609, 617 (Pa.Super. 2013), appeal denied, 624 Pa. 690, 87 A.3d 320 (2014).